JOHN TIMMERMAN *et al.*, Plaintiffs in Error, *v.* GEORGE W. PHELPS, Defendant in Error.

### ERROR TO McHENRY.

On the death of the sheriff his deputy continues to act until a successor to his principal is qualified. The return to process signed by a deputy, without reference to the sheriff, where the court below found that it was "duly served," will be sufficient to uphold a default. If the sheriff was not dead, the defendant below should have taken steps to show that fact.

The case of *Ditch* v. *Edwards*, 1 Scam. 127, commented upon and explained.

THIS was a suit in chancery to foreclose a mortgage. Bill filed December 12th, 1857, by George W. Phelps against John Timmerman, David C. Wagner, and Elizabeth Timmerman, in the McHenry Circuit Court.

The only service of process upon the defendants to the bill was as follows:

"I have duly served the within on the within named John Timmerman, David C. Wagner, and Elizabeth Timmerman, by reading the same to them in their presence and hearing, and by delivering to each of them a true copy of the same, this 24th day of May, 1858.

W. C. STODDARD, *Deputy Sheriff.*"

There was no appearance by defendants.

The decree was rendered by default, ordering a sale of the mortgaged premises. The defendants below bring the case to this court and ask a reversal, upon the following errors assigned:

The court erred in rendering the decree without proper service of process upon defendants.

There was no proper service of process.

GLOVER, COOK & CAMPBELL, for Plaintiffs in Error.

LELAND & BLANCHARD, for Defendant in Error.

CATON, C. J. The process in this case was served by a deputy sheriff, and the return signed by him as such, without using the name of the sheriff. Upon this return a default was entered, and the bill taken as confessed, and a final decree rendered, in which it is stated, that it appeared to the court that process had been duly served on the defendant. By our law, upon the death of a sheriff, the authority of the deputy does not cease, but continues till a successor is qualified. If the sheriff was dead, then the deputy had direct

authority to serve the summons from the statute, and not a derivative authority from the sheriff, and having no principal in whose name he could return the process, necessarily he must sign the return in his own name, and in the character which the statute has given him, which is that of deputy sheriff. Even if the court was not bound to take notice of the death of its chief; executive officer, it was competent to receive proof of that fact, and to decide upon such proof. Here the court has substantially found that the sheriff was dead at the time this summons was served, for it found that the summons was duly served, and that could only be so when it was made to appear to the court that the sheriff was dead. This finding is conclusive, unless the defendant, on a motion to set aside that default, would show that the court unadvisedly found that fact, and then that question could be brought before this court. In the case of *Ditch* v. *Edwards*, 1 Scam. 126, it does not appear that there was anything in the record from which this court could conclude that the Circuit Court had found that the sheriff was dead. Upon no other conclusion can that decision be sustained. We cannot presume that the court intended to say that in no case could a deputy sheriff sign a return except in the name of his principal, for that would be to presume the court ignorant of the statute. The decree is affirmed.

*Decree affirmed.*