## GEORGE O. BANKS

*v.*

## LOUISA L. BANKS.

1. SERVICE OF PROCESS  It is sufficient service of a summons in chancery, where the defendant indorses upon it his written acknowledgment that he has received a copy of the writ.

2. SAME—*proof thereof.* And the recital in the decree that it appeared to the court that the defendant had been duly served with process, is satisfactory proof that the defendant did make the indorsement.

WRIT OF ERROR to the Recorder's Court of the city of Peru; the Hon. WILLIAM CHUMASERO, Judge, presiding.

This was a bill in chancery exhibited in the court below by Louisa L. Banks, the defendant in error, against George O. Banks, the plaintiff in error.

The bill was taken for confessed in the Recorder's Court, and a decree rendered accordingly, and the only question presented upon the record is, as to the sufficiency of the service of process, or, of the evidence of such service. The facts are presented in the opinion of the court.

Mr. G. S. ELDREDGE, for the plaintiff in error, presented the following points and authorities :

I. The court never acquired jurisdiction over the person of the defendant, so as to authorize it to render the decree.

1. There was no legal service of the summons, and the decree is based *solely* upon the indorsement upon the back of the summons, purporting to be an acknowledgment of service by the defendant below, which was not proved in any way to have been executed by him, and the court could not, judicially, take notice of the genuineness of the signature thereto. *Chickering* v. *Failes,* 26 Ill. 507; *Jackson* v. *Speed,* 1 Mon. 22 ; *Peers* v. *Carter's Heirs,* 4 Litt. 268 ; *Hudson* v. *Brendeg,*

1 Howard (Miss.) 106 ; *Bozman* v. *Brower*, 6 Howard, 43 ; *Davis* v. *Jordan*, 5 Howard, 205 ; *Divilbis* v. *Whitman*, 20 Ill. 425.

2. The record must show, affirmatively, that the court acquired jurisdiction over the person of the defendant, to render the decree valid, and no presumptions can be indulged in, based upon the decree alone to support it. The clerk has certified all that transpired in the court below, and from which it appears, that the only evidence of the service of the process was, the supposed acknowledgment indorsed upon the back of the summons, the execution of which was not proved in any manner. *Randall* v. *Songer*, 16 Ill. 27.

3. Whatever presumptions, if any, might be indulged in to support this decree, if sought to be attacked collaterally, they certainly can have no weight when the case comes directly before this court for review.

II. But I insist further, that under our statute the court can only acquire jurisdiction over the person of the defendant, in the manner therein prescribed, or through the formal appearance of the party in court, and cannot base its jurisdiction upon affidavits, or other collateral proof. The question of jurisdiction is a vital one, and the statute has defined the manner in which it may be acquired, and unless the party voluntarily comes into court, and in some manner submits himself to its jurisdiction, the court can only acquire that jurisdiction in the manner prescribed by the statute. In some States, service of process may be proved by affidavit, but only by express provision of statute can it be done. The decree in this case should be reversed. Scates' Comp. 138, Secs. 1 to 11 inclusive, and 150, Sec. 2.

Messrs. LELAND & BLANCHARD, for the defendant in error.

The object of service is to give legal notice of the suit, that the party may, if he will, be heard in his defense. This is accomplished by his acknowledgment of service; or, in other words, by his acknowledgment that he has had notice, and his implied admission of the legal effects of actual service.

*Norwood* v. *Riddle*, 1 Ala. 195; *Lewis* v. *State Bank*, 4 Pike (Ark.) 443; *Metz* v. *Bremond*, 13 Texas, 394; *Maher* v. *Bull*, 26 Ill. 348.

If it was necessary to prove the signature of the defendant to his written acknowledgment on the summons, the recital in the decree that it "appeared to the court that the respondent had been duly served with process," was sufficient evidence that it was proven in the court below.

We think the case of *Timmerman* v. *Phelps*, 27 Ill. 496, settles this question.

Mr. JUSTICE BREESE delivered the opinion of the Court.

The only question presented by this record is as to the service of the summons in the case. The summons is in the usual form, on which is this indorsement:

"I acknowledge service of the within summons upon me, as required by law, this 9th day of·May, 1861, by the same being read to me, and receiving a copy of the same. GEORGE O. BANKS."

In chancery, the service of a summons is by copy. Scates' Comp. 139. Here is the written acknowledgment on the summons, signed with the name of the defendant in the suit, that he received a copy of it on the ninth day of May, 1861. The summons is dated the eighth of May. The defendant was ruled to answer on the 20th of May, and on his failing so to do, the bill was taken for confessed, and the matters thereof decreed by the court.

It is now insisted that the court had no jurisdiction over the person of the defendant, for the reason the summons was not served upon him. This is a fundamental fact, and if it does not exist, the decree was erroneous.

The decree recites, "it appearing to the court that said respondent had been duly served with process more than ten days before the first day of the present term of court, no answer filed, it is ordered that the bill be taken for confessed."

We cannot distinguish this case, in principle, from the case of *Timmerman* v. *Phelps*, 27 Ill. 496. That was a case where

the process was returned served by a deputy sheriff, without using the name of the sheriff. The decree was rendered by default, and the error assigned was this service of the process. The decree recited, that it appeared to the court that process had been duly served on the defendant. This court said, that the Circuit Court had substantially found, that the sheriff was dead at the time this summons was served, for it found that the summons was duly served, and that could only be so when it was made to appear to the court that the sheriff was dead.

So in this case, the court having found the summons was duly served, it could only be by it having been made to appear by proof, which need not be preserved in the record, that the acknowledgment of service was in the handwriting of the defendant, and was his act. This finding, as in that case, is conclusive, unless the defendant, on a motion to set aside the default, would show that the court unadvisedly "found the fact."

In the case of *Maher* v. *Bull*, 26 Ill. 351, the service relied on was this: " Served the within writ on the within named Hugh Maher by informing him of the contents of the within writ, and he accepting service the 12th of October, 1860." This court said the service was not sufficient, but it might have been sufficient if he had acknowledged service in writing upon the process. Here the service is acknowledged in the most formal manner on the process and in writing, and we think it is sufficiently proved, by the recital in the decree. The decree must be affirmed.

*Decree affirmed.*