A. GREEN COURSEN

*v.*

JOSEPH F. HIXON.

1. RECITAL *of service.* Where a judgment recites due service of process on the defendant ten days before the first day of the term, and there is nothing in the record to impeach or contradict the recital, there is no want of jurisdiction, and the judgment is regular.

2. SCIRE FACIAS—*to make a defendant a party to a judgment, is nothing more than a summons.* The Practice Act of 1874 provides, that where judgment has been rendered against one of several joint defendants, a summons, in the nature of a *scire facias*, etc., may issue. This writ is a summons, and nothing more.

3. SERVICE *by special deputy.* It is no objection to the service of a *scire facias* that it was made by a special deputy, who had not taken an official oath. The statute requires a return made by a special deputy to be verified by his affidavit, and this is the only oath he is required to take.

4. SETTING ASIDE JUDGMENT *at subsequent term.* A motion to set aside a judgment can not be made after the term at which it was rendered.

5. The statute giving to a motion the same efficacy as a writ of error *coram nobis*, does not affect this rule, the only object of that statute being to dispense with this old writ.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. A. GARRISON, for the plaintiff in error.

Mr. D. E. K. STEWART, and Mr. WILLIAM L. MOSS, Jr., for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a motion, in the Superior Court of Cook county, by the plaintiff in error, to set aside a judgment rendered by default against himself and one John B. Young, and in favor of Hixon and Rodbourn, plaintiffs.

It appears, plaintiff in error was jointly sued in the action with John B. Young, and at the March term, 1874, a default

was taken against him, and judgment rendered against him for damages, the judgment entry reciting that process was personally served upon him.

Afterwards, on the 13th of March, 1874, a *scire facias* was issued, to make plaintiff in error a party to the judgment, which was returned without any indorsement thereon.

On the 16th of June, thereafter, an alias *sci. fa.* was issued for the purpose, in the usual form, returnable on the first Monday of July term.   On the back of this writ is found this: "I hereby appoint and deputize William E. Cook a special deputy sheriff, to serve the within writ.   Dated 26th June, 1874.   T. M. Bradley, sheriff."

On this writ is this return, verified by the affidavit of William E. Cook : "Served the within writ of *scire facias* on the within named defendant, A. G. Coursen, by reading the same to him, on the 26th day of June, A. D. 1874.   T. M. Bradley, *sheriff*, per William E. Cook, *special* deputy."

On July 10th, at the July term, a regular default was entered against Coursen, and he was made a party to the judgment.

One year thereafter, at the July term, 1875, the motion now before us was made by Coursen, to set aside this judgment, which being denied, he brings the record here.

Plaintiff in error complains, that the record does not show the Superior Court had acquired jurisdiction of John B. Young, at the time judgment was rendered against him.   The judgment recites due service of process on Young ten days before the first day of the term, and there is nothing in the record to impeach or contradict this.   To all appearance the judgment was regular against Young.   *Timmerman* v. *Phelps*, 27 Ill. 496.

Plaintiff further complains, that a special deputy could not be appointed to serve the *sci. fa.* upon him, and that he was not properly sworn as a deputy.

By section 10, of ch. 125, title "Sheriffs," R. S. 1874, it is provided, a sheriff may appoint a special deputy to serve any

summons issued out of a court of record, by indorsement thereon, substantially as follows : "I hereby appoint ———— ———— my special deputy, to serve the within writ." Dated and signed by the sheriff. This requirement was precisely observed by the sheriff in this case.

Section 11 requires the special deputy shall make return in the time and manner of serving the writ, under his oath, which was done in this case. This is the only oath the special deputy is required to make.

Plaintiff contends a *scire facias* is not a summons. It is that and nothing more. The statute, ch. 110, title "Practice," provides, in a case like this, where judgment has passed against one joint defendant, that "a summons, in the nature of a *scire facias*, against the defendant not served, may issue," etc. R. S. 1874, p. 776.

But a full answer to all the points made by plaintiff in error is, that his motion to set aside the judgment comes too late. Such a motion can not be made after the term at which the judgment was rendered. *Cook* v. *Wood*, 24 Ill. 295, and subsequent cases ; *Windett* v. *Hamilton*, 52 ib. 181.

The citation from Revised Statutes, giving to a motion the same efficacy as a writ of error *coram nobis*, does not change the law of those cases cited. The only object of this legislation was, to dispense with this old writ.

There is no error apparent in this record, and the judgment must be affirmed.

*Judgment affirmed.*