# JOHN W. TURNER *et al.*

*v.*

# NEWTON JENKINS.

1. CHANCERY PRACTICE—*objection that bill is not signed is waived by answer.* The fact that a bill may not have been signed either by the complainant or counsel can not be insisted upon for the first time in the

Supreme Court. At most, it is a mere irregularity, and will be deemed to have been waived by an answer, even by guardian *ad litem.*

2. RETURN OF SERVICE—*in chancery.* Where the return by the sheriff of a chancery summons was, that he had served it by reading and delivering a true copy to the "within named defendants," naming them, it will be inferred that a copy of the summons was delivered to each defendant named.

3. JURISDICTION *of the person—presumption—recital in decree.* Every reasonable presumption will be indulged in favor of the jurisdiction of a court of general jurisdiction, and its finding in a decree that defendants were "duly summoned," will be held to be *prima facie* evidence of the existence of the jurisdictional fact.

4. Where the service of a summons to the September term of court was defective, and the cause was continued without any steps being taken, and, at the ensuing term, a decree was rendered which recited that the defendants "were duly served ten days before the first day of the October term," and only the summons to the September term appeared in the record, it was *held*, that there was nothing appearing in the record to rebut the presumption in favor of the jurisdiction of the court as indicated by its finding in the decree.

5. GUARDIAN AD LITEM—*waiver of rights of infants.* No doctrine is better settled, than that a guardian *ad litem* can not admit away any of the substantial rights of infants, who are always, in chancery, regarded as the wards of the court.

6. If it be conceded that infants are bound by the acts of their guardian in all matters relating to the practice in the court, still mere non-action on the part of the guardian will not be construed as a waiver of anything in favor of infants, whether it relates to mere practice or to the substance of the defense.

7. Where testimony is taken before a master in chancery without any notice to the guardian *ad litem* of infant defendants, it is not admissible, as against the infants, for want of notice, notwithstanding the guardian may make no positive objection on the hearing. The rule is different as to adults. If they make no objection to testimony taken before the master without notice, they will be considered as having waived the want of notice.

8. EVIDENCE—*sufficiency.* On bill to subject land, the legal title to which was in infant defendants, to payment of a judgment against one who was alleged to be the equitable owner, a decree was rendered based upon the report of the master alone, without any record of the judgment being produced. The decree found, from the master's report, that the complainant obtained a judgment against the alleged equitable owner of the land, but found nothing as to when or in what court it was obtained, or

whether it was unsatisfied, and a lien upon the judgment debtor's equitable estate: *Held*, that the evidence was not sufficient to support the decree.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Messrs. COOPER & BASSETT, for the plaintiffs in error.

Messrs. McCULLOCH, STEVENS & WILSON, for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The fact the bill may not have been signed either by complainant or counsel, can not be insisted upon for the first time in this court. At most, it is a mere irregularity. and will be deemed to have been waived by answer, even by guardian *ad litem.* It is a question that pertains to practice, and the rights of an infant defendant will not be considered prejudiced if the guardian *ad litem* answers without suggesting the omission, which would be equivalent to an express waiver.

No substantial defect is perceived in the service upon the minor defendant. The officer returns, he served the summons by reading and delivering a true copy "to the within named defendant, John W. Turner, and Mary Turner." A similar objection taken to the service on defendants in *Greenman* v. *Harvey,* 53 Ill. 386, was declared to be untenable. So, in this case as in that, it may reasonably be inferred, from the language used, a copy of the summons was delivered to each defendant named.

Confessedly, the service upon John Turner to the September term of court was defective. Without any steps having been taken, the cause was continued. At the ensuing term, the decree recites, defendants "were duly served ten days before the first day of the October term." Only the summons to the September term is found in this record. *Non constat* but a summons may have been issued to the October term, duly served

on defendants, and lost from the files.    Every reasonable presumption will be indulged in favor of the jurisdiction of a court of general jurisdiction, and its finding in the decree defendants were "duly summoned," will be held to be *prima facie* evidence of the existence of that jurisdictional fact. Nothing appears in this record that rebuts the presumption in favor of the jurisdiction of the court, as indicated by its finding in the decree.

This bill was to subject lands, the legal title to which was in the minor defendants, to the payment of a judgment in favor of complainant against John Turner, on the ground he was the equitable owner.    The judgment debtor made no defense in the court below, nor does he join in this writ of error.

The usual answer was filed by a guardian *ad litem* admitting the minority of the defendants named, and invoking the protection of the court.    The cause having been referred to the master, he made a report of testimony taken by him, "and from the proof taken before the master," the court finds certain facts which, in its opinion, establish the equities of complainant.    No other evidence is found in the record except that contained in the master's report.    And indeed the recitals in the decree exclude the idea any other testimony was heard.    All the findings of the court are based on the "proof taken before the master."

Aside from the objection the testimony was taken before the master without notice to the guardian *ad litem,* we do not think the evidence is sufficient to support the decree.    There was no legitimate testimony to establish the existence of a judgment in favor of complainant, and against Turner, unsatisfied and subsisting at the time the proof was taken.    No record of any judgment in any court was exhibited.    The decree only finds complainant obtained judgment against Turner, but when, in what court, and whether it was unsatisfied, and a lien upon the judgment debtor's equitable estate, it is silent.

But the testimony contained in the master's report was improperly considered, for the reason it was taken without notice to the guardian *ad litem,* whose business it was to defend for the minor defendants, and whose interest in the property was about to be cut off by the decree. This position is not answered by the suggestion, infants are bound by the acts of their guardian in all matters relating to the practice in the court. No doctrine is better settled than, that a guardian *ad litem* can not admit away any of the substantial rights of infants, who are always, in chancery, regarded as the wards of the court. But conceding the correctness of the rule asserted, there must be an express waiver of an irregularity in practice, or some positive act from which a waiver may be inferred. Mere non-action on the part of the guardian will not be construed as a waiver of anything in favor of infants, whether it relates to mere practice or to the substance of the defense. In this case, the guardian did nothing by which the infants would be bound. He had no notice the testimony was to be taken, and he could not be present, nor did he do any act that could be construed into a waiver of the irregularity that intervened after the testimony had been reported in court. Hence the testimony was not admissible, as against the infant defendants, for want of notice, notwithstanding their guardian may have failed to make any positive objection on the hearing. It would be otherwise had defendants been adults. Had they made no objection, they would have been considered as having waived the want of notice as to taking the testimony.

Independently of the "proof taken before the master," the court found no facts that would sustain the decree against the infants.

The decree will be reversed, and the cause remanded.

*Decree reversed.*