DAVID B. HAWORTH

*v.*

DAVID HULING *et al.*

1. INTEREST—*computation in case of partial payments.* The computation of interest on a note where there are partial payments, up to some advanced time, and the allowance of interest on the payments up to the same date, is not in accordance with the rule sanctioned by this court.[*]

2. SAME—*interest on interest due.* A debtor, on settlement, may, if he chooses, allow interest on annual interest due and unpaid, and this will not render the transaction illegal.

3. SETTLEMENT—*of parties binding.* On bill to foreclose a mortgage, it was held that a prior settlement between the debtor and creditor as to the amount of principal and interest then due was conclusive, and that it furnished the basis on which to compute the interest thereafter accruing.

4. CHANCERY—*reference to master.* On foreclosure of a mortgage, where the master has reported all the facts, showing the several items of credit and their dates, it is not necessary to again refer the case to him to calculate the sum due.

5. FORECLOSURE—*division and sale of mortgaged premises.* Where lands are divided and sold by the mortgagor after the execution of the mortgage thereon, a purchaser of a portion who agreed to pay a proportionate share of the mort-gage debt, will have no right to object that a decree foreclosing the mortgage apportions the mortgage indebtedness as to the several divisions conveyed, when his parcel is not charged with more than its equitable share.

6. SERVICE—*sufficiency of evidence to overcome a finding of service in decree.* Where a decree finds that each of several defendants had been served with pro-cess more than ten days before the term at which it is entered, that being a term subsequent to the return term, the evidence of due service thus afforded

---

[*] As to the correct mode of computing interest in case of partial payments, see *McFadden* v. *Fortier*, 20 Ill. 509.

is not overcome by the fact that no summons appears in the record, except that returnable to the first term, and it shows two of the defendants were not found. Such finding is *prima facie* evidence of the fact.

APPEAL from the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

This was a bill in chancery, filed by David Huling against David B. Haworth and others, to foreclose a mortgage given by Laban Haworth and Martha, his wife, to Augustus N. Wylie, dated Oct. 19, 1858, to secure the payment of two promissory notes given for the purchase money of the lands mortgaged, each for $2559, payable two and three years after date, with ten per cent interest after maturity, which said notes had been assigned by Wylie, the payee, to the complainant.

After the execution of this mortgage Martha Haworth, the purchaser of the same, cut up the mortgaged premises into lots, lot 4 containing 147 acres, lot 5 containing 211 acres, lot 6 containing 56 acres and lot 10 containing 48 acres, and she and her husband, on March 9, 1859, conveyed lots 5 and 10 to Richard M. Haworth, and he, on Oct. 12, 1865, conveyed 108 acres off the east side of lot 5 and all of lot 10 to appellant, David B. Haworth, and afterwards Richard M. Haworth conveyed the remainder of lot 5 to John Welch, who conveyed it to appellant.

On March 18, 1861, Laban and Martha Haworth conveyed lots 4 and 6 to Sarah M. Brown, and she, on April 30, 1864, quitclaimed her interest in both said lots to Laban Haworth. On Jan. 26, 1864, Laban Haworth and wife conveyed lot 6 to Edwin R. Wilkinson, who, on April 30, 1864, conveyed lot 6 to the appellant. On April 30, 1864, Laban Haworth and wife conveyed 77 acres off the west side of lot 4 to William Legg, one of the defendants. Subsequently the other defendants obtained conveyances of portions of said mortgaged premises.

In 1863 Laban Haworth and David Huling entered into a

contract extending the time of payment of the mortgage notes three years, at te 1 per ce it annual interest.

The complainant contended that on July 11, 1865, he had a settlement with Laban Haworth of the several sums paid, and applied such payments on the note, the appellant claiming that a part was applied upon interest that had accrued on the annual interest due.

The cause was referred to the master in chancery to report the sum due on the mortgage. The master reported that he had computed the interest separately upon each of the notes from July 11, 1865, to Dec. 2, 1875, the date of his report, and then allowed interest on the several payments up to the same date.

The decree found there was due on the notes $6816.21, and apportioned the same on the lots as follows: $4035.28 on lots 5 and 10, $1063.33 on lot 6 and $1717.60 on lot 4, the east half thereof to be sold first. The decree ordered the sale of lots 5 and 10 for the amount apportioned to it, with a proportionate share of the costs, such sum being the amount due and unpaid, which Richard M. Haworth assumed and agreed to pay at the time he bought said lots of the mortgagor, and in case these lots did not sell for enough to pay said sum, with the interest and costs, the remaining lots should be sold to satisfy balance unpaid, etc.

Mr. THOMAS P. BONFIELD, for the appellant.

Mr. STEPHEN R. MOORE, for the appellee Huling.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to foreclose a mortgage. The cause was referred to the master in chancery to compute the amount due on the notes secured by the mortgage to be foreclosed. On the coming in of the report defendants filed exceptions to it, some of which seem to have been sustained and others overruled, as we understand the record. On careful consideration

the master's report appears to be correct in respect to his find-
ings of fact on the testimony, but the rule adopted for
making the computation of interest, it seems to be conceded,
was not the rule sanctioned by the decisions of this court.   As
to the disputed items of credits that ought to be upon the
notes, the report is fully sustained, and any conclusion other
than that reached by the master would find no warrant in the
testimony.

The point made, that complainant was allowed compound
interest, is not well taken.   The principal debtor had agreed
to pay annual interest, and on the settlement made July 11,
1865, there may have been interest allowed on annual interest
maturing on the notes, and not paid when due, but that is not
certain under the evidence.   But if there was, the transaction
was not illegal.   The mortgagor could pay interest on interest
previously due on his indebtedness under his contract, if he
chose.

The court found, as did the master in chancery, the settle-
ment of July 11, 1865, as to the amount of the mortgage
indebtedness then due, was conclusive on all parties, and right-
fully took the amount admitted to be due as a basis upon
which to make the calculation of interest to ascertain what
amount would be due at the date of the decree.   Adopting
the true rule for making calculations of interest in cases
where there have been a number of payments before final settle-
ment, the court proceeded to state the account between the
parties.   As it was a mere matter of calculation, the facts
having been correctly found by the master, there was no neces-
sity for referring the cause again to the master.   Assuming,
as we do, the master's report as to the several items of credits
that should be allowed was correct, the amount found by the
court to be due on the mortgage indebtedness seems to be cor-
rect also.

On examining the decree, so far as it apportions the mort-
gage indebtedness on the several tracts of land, sold according
to subdivisions made by the mortgagor before decree, we can

discover no just ground for complaint on that score. In that respect it seems to be as equitable a decree as could be made. That which was made a charge upon the land now owned by appellant, seems to be no more than a just proportion of the sums and interest his grantors agreed to pay of the mortgage indebtedness, and as he stands in the shoes of his grantors, he must bear the burden they assumed in that respect.

As respects the cross-errors on behalf of Essia Haworth, Laban Haworth and David Shannon, they are not well assigned. There is no summons found in the record, except that returnable to the September term of court, 1874. That shows a defective service as to David Shannon, and that Essia Haworth and Laban Haworth were not found. It was not until the April term, 1876, that a final decree was rendered, and in the meantime a number of terms of court had intervened. The decree finds that these defendants had each been duly served with process more than ten days before that term of court. *Non constat* but another summons may have been issued returnable to an intermediate term of court, and was duly served on defendants, but lost from the files or omitted from the record. Every reasonable presumption will be indulged in favor of the jurisdiction of a court of general jurisdiction, and its finding in the decree that defendants have been "duly served with process," will be held to be *prima facie* evidence of the existence of that jurisdictional fact. In this case, as in *Turner* v. *Jenkins*, 79 Ill. 228, where this principle is declared, nothing appears in the record that rebuts the presumption in favor of the jurisdiction of the court as indicated by its findings in the decree.

The decree will be affirmed.

*Decree affirmed.*