SELINA GILMORE AND DAVID GILMORE, IMPL'D, ETC.,

v.

MARTIN C. BISSELL.

*Usury—Interest on Interest.*

Upon the renewal of a note the parties may contract to give and receive interest on yearly interest already due without rendering the transaction usurious.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Will County; the Hon. DORRENCE DIBELL, Judge, presiding.

Mr. E. MEERS, for appellants.

Gilmore v. Bissell.

To give a greater rate of interest than is allowed by statute, on a pre-existing debt for an extension, is within the statute. Shirley v. Welty, 19 Ill. 623.

Interest past due and unpaid can not be added to the principal and draw interest. McFadden v. Fortier, 20 Ill. 509.

The fact that new notes, from time to time, have been given does not change the case. Saylor v. Daniels, 37 Ill. 331; House v. Davis, 60 Ill. 367; Jenkins v. International Bank, 97 Ill. 568.

If a usurious contract is made, express or implied, to take or reserve more than lawful interest, it falls within the statute. Peddicord v. Connard, 85 Ill. 102.

When it is provided the interest is payable annually—which is not paid when due—it may by agreement, after due and unpaid, be added to the principal and draw interest. Thayer v. Wilmington Star Coal Co., 105 Ill. 540.

To constitute usury from taking interest upon interest, it is not necessary to prove that there was an agreement made in advance for the payment of such interest. To give a sum in excess of the legal interest for an extension, the contract will be usurious. Leonard v. Patton, 106 Ill. 99.

It is usury to take interest on interest, which exceeds the amount of interest fixed by the statute as the maximum. First National Bank v. Davis, 108 Ill. 633; Farwell v. Meyer, 35 Ill. 40.

Interest is payable on interest only on express contract made after the interest has become due and payable. Leonard v. Villars, 23 Ill. 377; Barker v. International Bank, 80 Ill. 96, 101; Edgerton v. Weaver, 105 Ill. 43.

Mr. GEORGE S. HOUSE, for appellee.

In the case at bar the appellants agreed to pay interest annually. This they did not do. A settlement was had in August, 1878, and the loan renewed and extended. In the making of this renewal and extension, and as consideration therefor, they agreed to pay interest at six per cent. on annual interest then due and unpaid from the time of its maturity. Haworth v. Huling, 87 Ill. 23.

LACEY, J.   The appellee filed his bill against appellants to foreclose a certain mortgage given by them to Wm. Findley on certain real estate situate in Will County, dated December 1, 1883, to secure the payment of a certain promissory note also given to said Findley, dated October 25, 1883, and due October 24, 1884, for the sum of $2,969.15, with interest at the rate of eight per cent. per annum.   The bill alleged that the said Findley duly assigned the said note and mortgage to appellee, and that the entire sum was due.

The appellants answering, admit the execution of the said note and mortgage, but set up and insist on certain deductions on account of usury, as follows: On April 14, 1875, appellees gave to said Findley their note and mortgage for $1,000 with interest at ten per cent., and renewed the same August 28, 1878, no interest having been paid, which was due annually, by giving a renewed note and mortgage for the sum of $1,350, being about twelve and a half per cent. interest instead of ten as the mortgage provided, the interest being arrived at by counting interest on the interest due at six per cent.   Without counting interest on interest due there would have been only $1,337.50.   The note of 1878 drew ten per cent. interest payable annually.   That afterward the note and mortgage in suit was given containing a new consideration of $1,006.35 besides the last renewed note and interest on which the interest was computed the same as the first renewal.   The mortgage was duly foreclosed without deduction for usury.

It is claimed that the usury taken in 1878 in the renewal consisted in charging $12.50 too much; and that this originated in charging interest on interest due at the rate of six per cent., and in the same manner on the second renewal.

It will be seen by reference to the evidence that this was done by express agreement between Findley and appellants, at each time of renewal.   It can not matter that appellants did it to save suit and foreclosure; they were nevertheless free agents.   We are of the opinion that the transaction was legal, and that the appellants could contract to give and Findley to receive interest on the yearly interest after due. In this case that was all that was done.   In Haworth v. Huling,

87 Ill. 23, a case very similar to this, the Supreme Court say: "The mortgagor could pay interest on interest previously due on his indebtedness under his contract if he chose." That was all that was done in this case, and the transaction appears to have been legal and not obnoxious to the statute of usury.

The decree of foreclosure is affirmed.

*Decree affirmed.*