## Star Brewery of Chicago v. F. E. Otto, for the use of Wilhelm Griesser.

1. JURISDICTION—*Of Non-residents—Findings of the Court.*—The finding of the court that the defendant has been duly notified of the pendency of the suit by publication, and the mailing of a notice to him, pursuant to the statute, is not sufficient to give the court jurisdiction.

2. SAME—*Finding of the Court.*—In a case of service by publication under the statute, etc., the finding of a court of superior and general jurisdiction, that the facts exist which gives it, or that it has jurisdiction, is not sufficient. The facts showing jurisdiction must appear upon the face of the proceedings.

3.  AMENDMENT—*Of Certificate of Mailing Notices.*—In this case the certificate of mailing the notice to the non-resident defendant was not signed by the clerk.  A motion to amend it in the court below was denied and such denial sustained on appeal.

Garnishee Proceedings.—Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding.  Heard in this court at the October term, 1895.  Reversed and remanded.  Opinion filed March 3, 1896.

## STATEMENT OF THE CASE.

This is an appeal taken by the Star Brewery of Chicago, from a judgment rendered against it as garnishee in the attachment suit of William Griesser against F. E. Otto.

The record shows that the affidavit and bond were filed and the attachment writ issued May 15, 1895; that the writ was served on appellant as garnishee, May 16, 1895; that on June 20, 1895, the court found that " the defendant had been duly notifie l of the pendency of the suit by publication of notice and by mailing the same to him pursuant to the statute in such case made and provided," and accordingly entered judgment against the defendant for $1,019.07; that on the same day the default of appellant was taken and conditional judgment entered against it for the above amount; that a writ of *scire facias* was issued and served on appellant June 25, 1895; that on August 8, 1895, the default of appellant on the *scire facias* was entered and the conditional judgment of June 20, 1895, was made absolute and final; that at the same term at which this judgment was entered appellant moved to set aside the judgment, and also appealed to this court from the entry of the judgment; that also at the same term appellee presented to the court evidence of the mailing of the attachment notice, pursuant to the statute, and moved the court for leave to amend the certificate of mailing notice by allowing the clerk to sign the same, the omission of the signature having been shown to be a mistake of the clerk; that on the hearing of this motion appellant offered an affidavit of the agent of the defendant, which affidavit stated that no indebtedness existed from the defendant to the

plaintiff.   The record further shows that the motion was denied.

Moses, Pam & Kennedy, attorneys for appellant, contended that the strictest requirement and compliance with the statute is necessary in this proceeding to give the court jurisdiction over the defendant for the purpose of entering the judgment *in rem* and against the garnishee, and that the absence of the proper certificate of mailing notice is fatal to the judgment entered, and that the court acted without jurisdiction in the premises.   Haywood v. Collins, 60 Ill. 328; Dennison v. Taylor, 142 Ill. 45.

Lackner & Butz, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The statute requires that a notice of the attachment, etc., be mailed to the defendant at his residence, if the same is stated in the affidavit; and that the certificate of the clerk of such mailing shall be *prima facie* evidence of the fact.   In this case it appears from the affidavit for attachment that the defendant's residence is Dortmund, Germany.   The paper which purports to be such a certificate, and purports to certify that on June 1st a notice was mailed to the defendant F. E. Otto, Dortmund, Germany, is unsigned by the clerk or anybody else, and simply has the file mark on the back thereof.

In attachment proceedings, where the residence of the defendant is given, one of the requisites of jurisdiction is the mailing of notice to the defendant; and proof of such mailing must be made.   Neither the *prima facie* evidence of mailing designated by the statute, or other evidence of mailing was produced in this case before judgment was entered.

The finding by the court that the defendant had been duly notified of the pendency of the suit by publication and by mailing the same to him, pursuant to the statute, is not sufficient to give to or establish jurisdiction in the court.

The proceeding was not one known to the common law, but statutory and extraordinary.

In such case the finding of a court of superior and general jurisdiction that the facts exist which give it, or that it has jurisdiction, is not sufficient. The facts showing jurisdic-. tion must appear on the face of the proceedings. Haywood, v. Collins et al., 60 Ill. 328; St. Louis Coal Mining Co. v. Sandoval Coal Mining Co., 111 Ill. 32.

This court, in Law v. Grommes, 55 Ill. App. 312, held that in a common law proceeding, the record of a court of superior and general jurisdiction reciting that due service of process was had upon a party was sufficient to give jurisdiction, the record containing nothing to impeach or contradict such recital, and that with such recital the judgment as to jurisdiction over the party so found to have been served, was secure from direct attack; following in so holding, Timmerman v. Phelps, 27 Ill. 496; Coursen v. Hixon, 78 Ill. 339; Turner v. Jenkins, 79 Ill. 228; Haworth v. Huling, 87 Ill. 23.

The Supreme Court, in Law v. Grommes, 158 Ill. 492, hold that in a direct proceeding to reverse a common law judgment, the finding by a court of superior and general jurisdiction that a party was only duly served with process, is not sufficient to establish its jurisdiction over the person of such party; and such is now the law of this State.

We are not inclined to interfere with the action of the court below in refusing to permit the amendment asked by appellee.

The judgment of the Superior Court is reversed and the cause remanded.