## Charles Schmidt v. Albert Rehwinkel.

1.  PRACTICE—*Power of Court After Expiration of the Term.*—After
the expiration of the term at which the judgment is entered, the
court has no power to make any substantial amendment or to set it
aside.

Judgment by Confession.—Error to the Circuit Court of Cook County;
the Hon. EDWARD F. DUNNE, Judge, presiding.   Heard in the Branch
Appellate Court at the March term, 1899.   Reversed and remanded.
Opinion filed January 2, 1900.

KRETZINGER, GALLAGHER & ROONEY, attorneys for plaint-
iff in error.

No appearance by defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.
Defendant in error recovered judgment by confession

against the plaintiff in error, but subsequently the latter was allowed to plead, and did so. Replications having been filed, the cause was regularly set for trial. When reached, apparently upon the regular call of the trial calendar, no one appeared for the plaintiff in that suit, defendant in error here, and the cause was dismissed with judgment for costs against him. This occurred during the November term, 1898. No effort to vacate said order of dismissal appears to have been made during the remainder of said November term. But upon the first day of the December term following, on motion of defendant in error, the order of dismissal was set aside over the objection and exception of plaintiff in error, and such proceedings were thereafter had that judgment was again rendered against the latter, from which he prosecutes this writ of error.

The motion to vacate the order of dismissal and judgment for costs having been made after the expiration of the November term, at which judgment was entered, the court had no power to make any substantial amendment or to set it aside. Becker v. Sauter, 89 Ill. 596; Coursen v. Hixon, 78 Ill. 339; Ayer v. City of Chicago, 149 Ill. 262–266. The subsequent proceedings were invalid, the court having lost jurisdiction.

The judgment of the Circuit Court will be reversed and the cause remanded.