JOHN H. BALL *et al.*, Plaintiffs in Error, *v.* LOOMIS SHATTUCK, Defendant in Error.

### ERROR TO DE KALB.

The return of the service of a summons, except where the statute otherwise provides, should show the time when, upon whom, and how, the service was made. A return, stating that a summons has been duly served on A. B., according to law, is not good.

THIS judgment was rendered at October term, 1854, of the De Kalb Circuit Court, J. G. WILSON, Judge, presiding, on an assessment of damages by the clerk.

W. H. L. WALLACE, for Plaintiffs in Error.

B. C. COOK, for Defendant in Error.

SKINNER, J. This is an action of assumpsit, commenced in the De Kalb circuit court by Loomis Shattuck, against John H. Ball, and James L. Ball. The sheriff's return of service of the summons is as follows:

"Sept. 30, 1854.

I return this summons, it having been duly served on the within named John H. Ball and James L. Ball, according to law.

J. F. GLIDDEN, Sheriff."

The defendants below not appearing, judgment was rendered against them by default. The Balls assign for error that the sheriff's return is insufficient. To give the circuit court jurisdiction of the persons of the defendants in that court, a legal service of summons on them was necessary.

The mode of service of summons, where not otherwise provided by statute, is by reading the same to the defendants and each of them, and the return should show the time when, upon whom, and how the service was made.

The following form may be adopted in cases where the statute does not otherwise provide:

" I did, on the ——— day of ———, 18—, serve this writ, by reading the same to the within named, A. B. Dated this ——— day of ———, 18—.

C. D., Sheriff of H. C., Ill."

In this case, it cannot be determined, from the return, in what manner, nor at what time, the service was made on the defendants below, therefore the circuit court had not obtained jurisdiction of their persons, and the judgment is erroneous. *Ogle* v. *Coffey*, 1 Scam. 239; *Billingall* v. *Gear*, 3 Scam. 575.

Judgment reversed and cause remanded.

*Judgment reversed.*