FISCHER, an infant not named,
By his next friend,

*v.*

JOHN FISCHER.

54  231
66a 676

1.  SERVICE OF PROCESS *in chancery.* In a suit in chancery against an infant not named, and another, the return on the summons showed service by "leaving a true copy of the within for the infant not yet named, with a white person over the age of fourteen years, at the usual place of abode of said infant, first explaining the contents of this writ:" *Held,* this did not show proper service as to the infant. It did not show that the person with whom the copy was left was a member of the family in which the infant dwelt, nor that the contents of the paper were explained to such person.

2.  TESTIMONY IN CHANCERY—*by whom to be taken.* Testimony in a suit in chancery appeared to have been taken by a person without any appointment of record for the purpose: *Held,* he had no power to take it, and, as against an infant defendant it was rejected.

3.  INFANTS—*guardians at litem—can not consent.* An infant defendant in chancery can not consent, nor can his guardian *ad litem* for him, to the taking of testimony before a person not properly authorized to take it. A guardian *ad litem* can not admit away any of the rights of an infant or bind him by consent to an act which may be prejudicial to the infant.

4.  WITNESS—*competency.* A bill in chancery was filed against an infant, for the purpose of having the title of certain land which had become vested in the infant by inheritance from his father, who had died, declared to be held in trust for the complainant, on the allegation that the land was purchased and paid for by complainant, but by the procurement of third persons, was conveyed to the father of the infant defendant, without the knowledge or consent of the grantee or of the complainant: *Held,* the complainant was not a competent witness in his own behalf. He was incompetent at common law, and was not within any of the exceptions of the act of 1867.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was a suit in chancery, instituted in the court below by John Fischer, the purpose of which is disclosed in his bill of

complaint, which alleges "that in the year 1857 he bought of
Theodore Hilgard, Senior, the following described real estate in
said county, to-wit: a tract of land in the corporation of West
Belleville, being a part of the southwest fractional quarter of sec-
tion 21, in township one (1) north range eight (8) west, commen-
cing s 10° east fifty-seven and a half feet of the northeast corner
of Mill and 1st South street (being the southeast corner of Mr.
Frederick V. Schrader's lot 235, in the town of West Belle-
ville), thence south 31° east 126 feet, thence north 71° east
fifty-nine and a half feet, thence north 5° west one hundred and
seven and a half feet, thence north 82° west eighty-eight feet,
thence south 31° east forty-one and a half feet, to the place of
beginning, for the sum of eighty dollars; that he paid out of
his own means the purchase money in full to said Hilgard for
said lot of land; that he has paid the taxes on said land faith-
fully and invariably up to the present time; that he has built
a house on said land, and has otherwise improved the same,
and has continued to reside on it up to the present time; that
said land was bought by your said orator, paid for by him, the
taxes paid on it by him; said land was built and resided on by
him, as aforesaid, and that it is his property.   But your orator
further shows unto your Honor, that, though the aforesaid land
was bought and paid for by him, when the deed for said land
came to be made by said Hilgard and wife by their attorney
in fact, Edward Tittmann, without the knowledge or consent
of your said orator, and at the instigation and instance of your
orator's mother, Christina Wiemuller, and by her management
and contrivance, with said Hilgard and Tittmann, the said deed
was made and executed to Paulus Fischer, the minor brother
of your orator—he, the said Paulus, being under age and with-
out the least agency in the matter of buying said land or pro-
curing said deed, and in truth and in fact, the said Paulus
never thought of purchasing said land, nor of paying for the
same, nor of getting a deed therefor, and never paid a cent of
tax thereon.   Your orator further shows unto your Honor,

that ever since the making of said deed it has been the understanding, by and between all the parties concerned, that said land was bought and paid for by, and belonged to your orator, and that a deed was at some time to be executed to him for it. But the grantee in said deed being your orator's younger brother, your orator has never urged the matter of said deed until now that he is about to be disturbed in his ownership, his said brother being dead. Your orator further shows unto your Honor that the said Paulus Fischer, your orator's brother, died about two weeks previous to the filing of this bill, leaving surviving him his widow, Margaretha Fischer, and an infant son about two weeks old, and not yet named. In consideration of the premises, your said orator prays your Honor that the said Margaretha Fischer and the said ——— Fischer, infant son of said Paulus Fischer, deceased, be made parties defendant to this bill of complaint; that they be commanded to appear at the next term of this Honorable Court, and fully answer the several allegations of this bill; that a guardian *ad litem* be appointed for said minor child, and that on a hearing of this cause, your honor will decree that said deed be corrected or that a proper, good and sufficient deed be executed by the master in chancery to your orator for said land, and that your Honor will grant such other and further relief as the nature of the case may demand."

The proceedings prior to the decree, and upon which error is assigned, are set forth in the opinion of the court.

On the final hearing, the court below found the facts substantially as alleged in the bill, and decreed " that a resulting trust be declared in the said Paulus Fischer, of and concerning said land for the benefit of said complainant, that said land belongs to said complainant, that said deed, from said Hilgard, by Tittmann, his attorney in fact, to said Paulus Fischer, be declared null and void, and that the master in chancery be ordered to execute and deliver within thirty days a good and sufficient deed for said land to complainant, in default of the same being done by the defendant in this cause."

Thereupon a writ of error was sued out in the name of the infant defendant by his next friend.

Messrs. WINKELMAN & BONEAU, for the plaintiff in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the St. Clair circuit court, filed by John Fischer against Margaretha Fischer and her infant child, not named, the scope of which was, to declare a trust in this infant of a certain lot of ground in West Belleville for the use and benefit of complainant.

The defendant Margaretha was duly served with process, and her default entered. A guardian *ad litem* was appointed for the infant, who, in pursuance of a rule for such purpose, filed the usual brief answer, and the cause referred to the master in chancery to take testimony, who made his report of the evidence, whereupon the court decreed as prayed.

To reverse this decree, the infant defendant, by his next friend, brings the record here by writ of error, and assigns for error, want of jurisdiction of the person of the infant, he not having been served with process; permitting the complainant to be a witness in his own behalf, on his own motion; receiving the paper as evidence purporting to be the deposition of Christina Wiemuller; rendering a decree against the infant defendant without sufficient proof, and last, that the decree is unsupported by the evidence.

No brief has been furnished by the defendant in error, and we have considered the case *ex parte,* and with regard alone to the infant defendant, and to the service of process upon him.

The return of the sheriff is as follows: "Served by reading and delivering a true copy of the within to Margaretha Fischer, and leaving a true copy of the within for the infant not yet named, with a white person over the age of fourteen years, at the usual place of abode of said infant, first explaining the contents of this writ. October 16, 1867." That this

service is not in conformity with the statute, so far as the infant is concerned, is very apparent. It does not state that the white person with whom the copy was left was a member of the family in which the infant dwelt, nor that the contents of the paper were explained to such person. To whom the contents were explained by the officer is not stated. The court can intend nothing in support of a return like this.

A guardian was appointed by the court for this infant, and he put in a mere formal answer, but did not defend vigorously the interests of the infant. He did not attend the examination of the witnesses, or make objection to the testimony of complainant or to the affidavit of Christina Wiemuller, taken without authority, and by a person having no power to take it. The record does not show that M. W. Weir was appointed a special master by the court to take testimony, and it was not competent for the infant to consent thereto, nor for the guardian *ad litem* in his behalf. This person can not admit away any of the rights of an infant, or bind him by consent to an act which may be prejudicial to the infant. The record seems to show a contrived case by which this infant, " muling and puking in his nurse's arms "—the only heir-at-law of his deceased father, in whom the legal title to this lot had been legally placed—was to be deprived of his estate by the combination of complainant and his mother, Christina Wiemuller. The complainant was not a competent witness to prove his own case, not having been called by the adverse party to testify. He was incompetent at common law—*Mixell* v. *Lutz*, 34 Ill. 382—and also by the terms of the second section of the statute relating to the competency of witnesses in civil cases—Sess. Laws 1867, p. 183—not being within any of the exceptions of that act. The court erred in rendering a decree on complainant's testimony. The testimony of the other witness was not taken under the order of the court, and the guardian *ad litem* had no power to consent to its being taken as against the infant.

The decree must be reversed and the cause remanded.

*Decree reversed.*