Faas v. O'Conner.

RUDOLPH FAAS

v.

PATRICK R. O'CONNER.

1.  CERTIORARI—PRACTICE—DISMISSED FOR WANT OF PROSECUTION.— The practice in cases brought from a justice court to the circuit court by *certiorari* is the same as in appeal cases, and the circuit court has no jurisdiction to dismiss such a case on call for want of prosecution, unless there has been a transcript from the justice's court filed in the circuit court ten days before the term at which such action is taken, nor in cases where the appeal is taken by filing bond with the clerk of the court, unless there has been a service of summons upon the appellee, return of two *nihils* or his voluntary appearance ten days before the commencement of the term.

2.  ABSENCE OF BILL OF EXCEPTIONS.—In cases of appeal and *certiorari* from justices' of the peace, the jurisdiction of the circuit court, being statutory, should appear on the face of the record, and cannot be presumed.   So, where on appeal or error from the judgment of the circuit court dismissing a writ of *certiorari* on call for want of prosecution, the whole record from the circuit court is certified to this court, although the record contains no bill of exceptions, no presumption in favor of the jurisdiction of the circuit court will be indulged, if the record as certified fails to show such jurisdiction.

ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.   Opinion filed August 5, 1880.

Messrs. AVERY & COMSTOCK, for plaintiff in error; that the circuit court has no jurisdiction of the case, cited Hayward v. Ramsey, 74 Ill. 372; Reed v. Driscoll, 84 Ill. 96; Camp v. Hogan, 73 Ill. 228; Pratt v. Bryant, 2 Bradwell, 314; Hooper v. Smith, 19 Ill. 28.

Mr. M. M. MILLER and Mr. AUGUST MARX, for defendant in error; that there being no bill of exceptions, the presumption is in favor of the regularity of the judgment below, cited Granjang v. Merkle, 22 Ill. 250; Kern v. Strassberger, 71 Ill. 303; Tug Boat Dorr v. Waldron, 62 Ill. 221; Hermann v. Pardridge, 79 Ill. 471; Powell on Appellate Pr. 158; Harris v. Lester, 80 Ill. 307; Osgood v. Blackmore, 59 Ill. 261; Swearingen v. Gulick, 67 Ill. 208; Wells v. Mason, 4 Scam. 84; Kenney v. Greer, 13 Ill. 432; Lattin v. Smith, Breese, 363; Ballance v. Underhill, 3 Scam. 453; Shattuck v. The People, 4 Scam. 478.

BAILEY, J. This cause was originally commenced before a justice of the peace of Cook county, by Patrick R. O'Conner against Rudolph Faas, where judgment was rendered in favor of the plaintiff for $50 and costs. On petition of said Faas, a writ of *certiorari* was duly granted by one of the judges of the circuit court of said county, October 19, 1876, removing said cause into said circuit court. The petition for a *certiorari*, together with the order granting said writ and the bond required by the statute were filed on said 19th day of October, 1876, and so far as appears from the record, no further proceedings were had or papers filed until November 2, 1877, when, as appears from the recitals in the final judgment, the cause being reached for trial on the call of the calendar, and the defendant not being present, nor any one for him, on motion of the plaintiff, it was ordered that the appeal be dismissed out of said court for want of prosecution at the defendant's costs, and that a writ of *procedendo* issue to the justice, and judgment for $5 damages for delay, and for costs was rendered against defendant and execution awarded.

The practice in cases brought to the circuit court by *certiorari* is the same as in appeals where the appeal is perfected

by filing the appeal bond with the clerk of the circuit court. The law is well settled that the circuit court has no jurisdiction to dismiss an appeal without the consent of the appellant, unless the transcript from the justice of the peace has been filed ten days before the term, nor, in cases where the appeal is perfected by filing the appeal bond with the clerk of the court, unless the appellee has been brought into court ten days before the term, either by service of summons, the return of two *nihils* or voluntary appearance. Camp v. Hogan, 73 Ill. 228; Reed v. Driscoll, 84 Id. 96; Sheridan v. Beardsley, 89 Id. 477; Pratt v. Bryant, 2 Bradwell, 314; McMullen v. Graham, 6 Id. 239.

It is strenuously urged, however, on behalf of the defendant in error, that as the record contains no bill of exceptions, it will be presumed in favor of the jurisdiction of the circuit court, that all facts necessary to confer jurisdiction appeared at the time the appeal was dismissed, although such facts are not now evidenced by the record.

The transcript of the record filed in this court is certified by the clerk of the court below to be a true, perfect and complete copy of all the papers filed and proceedings had and entered of record in the cause, and among the papers and proceedings thus certified, there is no transcript from the justice, nor any summons returned either served or *nihil*, nor is there any entry of appearance of the appellee, nor does the record furnish us any evidence that any such papers were ever among the files. Will it then be presumed, contrary to the certificate of the clerk of the court below, that such papers once existed but have been lost, in order to sustain the action of the circuit court?

We are referred by the learned counsel for the defendant in error to no case in which this precise question has arisen. Our attention is called to cases where the jurisdiction of a superior court, or court of general jurisdiction, has been called in question collaterally, or where, in a direct proceeding, it has been presumed that a court, having jurisdiction of the persons of the defendants and subject matter, has proceeded regularly. No case, however, is cited in which the jurisdic-

tion of a court has been sustained on appeal or writ of error, where there has been an entire absence from the record of proof of any of the facts necessary to constitute jurisdiction.

The only case we have been able to find in our own researches in which the principle contended for has been sustained, is that of Hart v. Seixas, 21 Wend. 40. That case was decided in the Supreme Court of New York, Cowen and Nelson, J.J., concurring in the decision, and Bronson, J., dissenting. The principal discussion in the case is upon other questions, but it seems to be held by the majority of the court, that even on error, jurisdiction of the person will be presumed, although not expressly shown by the record. In the opinion of the majority there is a manifest confusion of questions relating to jurisdiction over the subject matter with those relating to jurisdiction over the person of the defendant, and the reasoning of the court is, to our minds, unsatisfactory and inconclusive. In the dissenting opinion, Bronson, J., says: "I find no case which sanctions any intendment in favor of jurisdiction over the person of the defendant, and I am unwilling to indulge any presumption against a party, who, so far as appears, has never been summoned or had the opportunity of being heard. When it appears that a court of general powers has acquired the right to act in relation to the parties, presumptions may be liberally indulged in support of its proceedings; but we cannot presume jurisdiction over the person of the defendant without danger of subverting one of the first principles of justice."

The Supreme Court of this State seems to have taken substantially the same view as that announced by Bronson, J. Thus, in Swearingen v. Gulick, 67 Ill. 208, they say: "It, however, is a rule of uniform application that, in relation to superior courts, or courts of general jurisdiction, nothing is presumed to be out of their jurisdiction but that which specially appears to be so; but, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is expressly alleged. *This rule is limited to collateral proceedings*, and where the record of a judgment is relied on *collaterally* jurisdiction must be presumed in favor of a court of

Faas v. O'Conner.

general jurisdiction, although it be not alleged or fails to appear in the record." So in the tug Montauk v. Walker & Co., 47 Ill. 335, they say: " The general principle is undoubtedly truly stated by appellees, *when the question comes up collaterally,* that every presumption is to be made in favor of the jurisdiction of a court of general jurisdiction." See, also, Clark v. Thompson, 47 Ill. 25; Harris v. Lester, 80 Id. 307. In Hermann v. Pardridge, 79 Ill. 471, and Kern v. Strasberger, 71 Id. 303, in both of which cases the objections urged to the judgment arose directly on appeal, it was held that *where it appears that the court had jurisdiction both of the person of the defendant and of the subject-matter of the litigation,* and rendered judgment, and there is no bill of exceptions, the judgment will be presumed to be in all respects regular.

While, then, the Supreme Court, so far as we have noticed, has not pass upon the precise question raised in this case, they have, while discussing questions closely related to it, studiously guarded against the use of language which could be so construed as to support the proposition here contended for, and have by plain implication, at least, laid down the contrary doctrine.

But there is another view which, in our opinion, is subversive of the theory that jurisdiction can be presumed in this case. Whatever may be the presumption arising in proceedings which call into exercise the ordinary common law powers of courts of general jurisdiction, it should be remembered that the jurisdiction which the circuit court acquires in cases of *certiorari* as well as of appeals from justices of the peace, is purely statutory. It is a well settled rule, that superior courts, when in the exercise of special statutory authority, are not entitled to the same presumptions in favor of their judgments as when in the exercise of their general powers. In Haywood v. Collins, 60 Ill. 328, and Firebaugh v. Hall, 63 Id. 81, this rule is applied to the jurisdiction of circuit courts in cases arising under the statute in relation to attachments. In Latham v. Edgerton, 9 Cow. 227, it is applied to cases of appeals from justices of the peace. We are accordingly inclined to the opinion that in cases of appeal and *certiorari* from justices

of the peace, the jurisdiction of the circuit court, being statutory, should appear on the face of the record, and cannot be presumed.

It appearing, then, that the court below, at the time it dismissed the appeal, thereby rendering final judgment between the parties, affirming the judgment below and for damages and costs, had no jurisdiction of the parties or the subject matter, such judgment is clearly erroneous and must be reversed, and the cause remanded.

.Judgment reversed.