ROBERT LAW

v.

JOHN B. GROMMES et al.

*Filed at Ottawa October 11, 1895.*

1. COURTS—*when a statement in an opinion is not obiter dictum.* A statement made in an opinion of the Supreme Court that service of summons must be made by reading it to the defendant, unless a different mode is prescribed by statute, in deciding that a return upon the summons was bad and in showing wherein it was defective, has the force of a judicial determination and is not mere *obiter dictum.*

2. PROCESS—*what is good service in absence of statutory provision.* Service of summons by delivering a copy without reading the writ to the defendant is insufficient to sustain a judgment by default, in the absence of a statute making that mode of service sufficient.

3. APPEALS AND ERRORS—*effect of recital of "due service" in judgment.* A presumption that there was another and a different summons from that appearing in the record does not arise, on appeal, where the record shows only an illegal or insufficient service, although "due service" is recited in the judgment.

*Law* v. *Grommes,* 55 Ill. App. 312, reversed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

ROBERT MATHER, and HENRY S. WALDRON, for plaintiff in error:

The mode of service of summons, where not otherwise provided by the statute, is by reading the same to the defendants, and each of them. *Ball* v. *Shattuck,* 16 Ill. 299; *Botsford* v. *O'Conner,* 57 id. 77; *McNab* v. *Bennett,* 66 id. 161.

This court itself should not, and would not now, establish a rule different from the one so long established and acted upon. Much less should the Appellate Court assume that power. *Insurance Co.* v. *Frost,* 37 Ill. 337; *Hopkins* v. *McCann,* 19 id. 115; *Meserve* v. *Delaney,* 112 id. 355; *Dickhut* v. *Durrell,* 11 id. 84; *Insurance Co.* v. *Peck,* 126 id. 495.

W. O. JOHNSON, for defendants in error:

The recital of the judgment roll is as follows: "It appearing to the court that due personal service of summons issued in said cause has been had on the defendant for at least ten days before the first day of this term." A presumption of law is created by this recital, taken in connection with the circumstances of the case, (which fail to negative the truth of the recital,) that a new summons was issued, served and returned by the sheriff, and had been lost from the files. *Turner* v. *Jenkins*, 79 Ill. 228; *Coursen* v. *Hixon*, 78 id. 339; *Timmerman* v. *Phelps*, 27 id. 496; *Haworth* v. *Huling*, 87 id. 23.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Defendants in error caused a summons against plaintiff in error to issue from the circuit court of Cook county, returnable to its April term, 1891. It was served, as shown by the return, by delivering a copy to the defendant April 10, 1891. The declaration, which counted upon a judgment of the county court of Douglas county, Nebraska, was not filed until April 11,—one day too late for the April term; and without any other summons, so far as the record shows, judgment by default was taken at the next term, the judgment reciting, "due service of summons issued in said cause has been had on the defendant for at least ten days before the first day of this term." The Appellate Court affirmed that judgment.

Two questions are raised on this appeal, which, in their natural order, are: First, is service by copy in a case of this kind sufficient to authorize a judgment by default; and second, does the recital in the judgment as to service cure the defective service, on the presumption that another summons was issued and served.

As early as 1855 this court said in *Ball* v. *Shattuck*, 16 Ill. 299: "The mode of service of summons, where not otherwise provided by statute, is by reading the same to the defendants, and each of them, and the return should

show the time when, upon whom and how the service was made. The following form may be adopted in cases where the statute does not otherwise provide:

I did, on the......day of.........., 18...., serve this writ by reading the same to the within named A B. Dated this.......day of.........., 18.... 　　　　　　　　　C D, Sheriff of H. C., Ill."

It is said it was not necessary to the decision of that case to decide how service should have been made, and hence the foregoing language is mere *obiter dictum.* The question there was whether the return upon the summons was good. It was held bad, and in showing wherein it was defective the foregoing language is used. The statute being silent as to the mode of service in such cases, it was important that some rule should be laid down for the guidance of public officers in the performance of their duty in that regard, and we are unable to see why the decision that service should have been by reading was not properly involved in that case. "An expression of opinion upon a point in a case argued by counsel and deliberately passed upon by the court, though not essential to the disposition of the cause, if a dictum at all is a judicial dictum, as distinguished from a mere *obiter dictum,*— *i. e.,* an expression originating alone with the judge who writes the opinion, as an argument or illustration." Anderson's Law Dic. 355, citing authorities.

· We think what was said in *Ball* v. *Shattuck, supra,* has the force of judicial determination that in this State service of summons must be made by reading it to the defendant, unless a different mode is prescribed by the statute. It has certainly been so understood by the courts and the profession. The legislature also seems to have acted upon the understanding that generally service is not made by copy, it having expressly provided for that kind of service in particular cases. The language used in *Ball* v. *Shattuck* was quoted with approval in *Botsford* v. *O'Conner,* 57 Ill. 72. And it was again said in *McNab* v. *Bennett,* 66 Ill. 157, "service, under our law, means to read

the writ to the party." In the foregoing decisions this court did not attempt to state, as seems to be supposed, a common law rule as to how summons should be served, but simply placed a construction upon our statute. There is no more authority in the common law for saying service of summons shall be by copy, than that it must be by reading. The most that can be said is, that it could have been properly held that in all cases not otherwise provided for by statute, service should be by copy. Conceding the correctness of that proposition, we are unable to see why, after so many years of acquiescence in the other construction, it should be changed. It is certainly desirable that some definite and uniform method of service be prescribed, and we know of no hardship or inconvenience resulting from the present well-understood rule which would justify us in changing it. That the return upon the summons appearing in this record is insufficient, under this ruling, to sustain the judgment below, is conceded.

*Second*—Is the defect cured by the recital of service in the judgment? It is insisted that inasmuch as the default was not taken until the term next after the one to which the summons appearing in the record was returnable, and the judgment recites due service upon the defendant, it should be presumed "that a new summons was issued, served and returned by the sheriff, and has been lost from the files." If the attempt here were to attack the judgment below collaterally, the proposition would have force. We think, however, with the Appellate Court, that even then, under the facts of the case, it could not prevail. But upon what principle it can be availed of in this direct proceeding we are at a loss to perceive. Appellant here seeks a reversal of the judgment against him upon the ground that it was rendered without legal service of process. There is before us a transcript of the record of the circuit court, including the summons in the case, showing service by copy, cer-

tified by the clerk "to be a true, perfect and complete copy of a transcript of the record," and no objection whatever has been made thereto. It will not be denied that the summons and service are a proper part of the record. Rule 9 of this court requires the clerk of the lower court to certify a copy of the process in his transcript of the record. The service, as we have seen, was not sufficient to authorize the judgment by default, and there is therefore manifest and reversible error appearing upon the face of the record. "Before a court is authorized to render a judgment by default, it must appear clearly and affirmatively, by the return of the officer charged by law with the service of the process, that the defendant had been regularly served." (*Belingall* v. *Gear*, 3 Scam. 575.) And the decisions of this court reversing judgments and decrees for want of legal service are numerous. But against this manifest error we are asked to presume that there was no error,—that is to say, instead of holding that the circuit court committed an error in holding service by copy "due personal service of summons," we must presume, without any evidence whatever of the fact, that another and different service was had, which the complete record fails to show. The statement of this proposition is sufficient to refute it. In our decisions on the question as to when and how far presumptions in support of recitals of service of process in judgments and decrees will be indulged, the distinction between direct and collateral proceedings has not always been strictly observed. We think, however, the true rule applicable to appeals and writs of error is, that whenever it affirmatively appears from the record brought up that the service is illegal or insufficient, and nothing appears to the contrary, the error is not cured by a mere recital of "due service," on the presumption that there was another and different summons and return from that appearing in the record.

It was said in *Vairin* v. *Edmonson*, 5 Gilm. 270 (on p. 272): "To sustain a judgment by default, the record ought affirmatively to show that the defendant was regularly served with process, or in the case of an attachment, that he was duly notified of the pendency of the proceeding." And in *Randall* v. *Songer*, 16 Ill. 27, speaking of notice in chancery: "This advertisement is the act of the clerk, and it performs the same office as process. It is as much a part of the record of the case as is the summons issued to the sheriff. (*Vairin* v. *Edmonson*, 5 Gilm. 270.) It is not enough for a decree to recite that the defendant has been duly served with process or that he has been regularly notified of the pendency of the suit, but the summons or advertisement should appear in the record, so that this court may determine whether the statute has been complied with."

In *Reddick* v. *President, etc. State Bank of Illinois*, 27 Ill. 145, no summons against the defendant appeared in the record on which the cause was submitted, nor did it show how they were served. The complainants in the decree sought to be reversed had purchased land under it. The decree recited, "it appearing to the satisfaction of the court that process has been duly served on defendants herein, it is ordered," etc. In the decision of the case, after referring to the ruling in the *Vairin* and *Randall cases, supra*, it was said (p. 148): "It is to be presumed no court would state of record the existence of facts which had no existence, or pass a decree or render a judgment unless proof of service or notice was actually produced. The record, therefore, stating such facts, and nothing to the contrary appearing, it should be received as evidence of their existence. We think the rule which has obtained should be thus modified." This case holds no more than that where the record is silent as to service the recital in the decree should prevail.

In *Miller* v. *Handy*, 40 Ill. 448, the action was ejectment, the defendant claiming title under a *scire facias* proceed-

158—32

ing to foreclose a mortgage. Two writs appeared in the
record, both returned "not found," but the first was held
to be void, the last being returned to the March term,
1839. Judgment was rendered at the following Novem-
ber term, (April and August terms having intervened,)
and the judgment recited: "And it appearing to the court
that two writs of *scire facias* have been issued herein, and
*nihil* returned thereon, it is therefore considered," etc.
The doctrine announced in the *Reddick case, supra,* was
approved, and it was then said (p. 452): "The record,
therefore, stating the fact of the return of two *nihils,* and
nothing to the contrary appearing, must be held to be
*prima facie* evidence, at least, of the existence of that
fact, and there is nothing in the case to show that the
finding of the court was not in strict accordance with
the fact. * * * The finding of the court ought to
prevail unless there is evidence to impeach it. The pre-
sumption might be rebutted in this case if no terms of
court had intervened the March and November terms, *and
in a direct proceeding to reverse the decree the rule would be
different.* This being a collateral proceeding, we are sat-
isfied the presumption arising on the finding of the court
that two *nihils* were returned, independent of the return
of the writ to the August term of 1838, must prevail, there
being no evidence to rebut it."

But *Timmerman* v. *Phelps,* 27 Ill. 496, *Coursen* v. *Hixon,*
78 id. 339, *Turner* v. *Jenkins,* 79 id. 228, and *Haworth* v. *Hul-
ing,* 87 id. 23, are cited and relied upon as holding that
the presumption contended for obtains in direct as well
as collateral proceedings. The first two cases are clearly
not in point. No presumption was indulged in either of
those cases against or inconsistent with the return, but
in support thereof. Even in a collateral proceeding the
presumption in support of the recital by the court as to
jurisdiction is never indulged against the return of the
sheriff. Thus, LAWRENCE, J., said in *Rivard* v. *Gardner,*
39 Ill. 125: "In indulging in presumptions in support of

the recital, by the court, it is to be observed that we presume nothing against the return of the sheriff, *but consistently with it.*" (*Clark* v. *Thompson*, 47 Ill. 25; *Botsford* v. *O'Conner*, 57 id. 72.) If the decree in *Turner* v. *Jenkins* and *Haworth* v. *Huling, supra,* had been questioned in a collateral proceeding, the decisions announced would have been clearly right, and consistent with the cases above cited; but they each improperly apply the rule of presumption to proceedings by writ of error and appeal, and should be in that regard overruled.

For the manifest error appearing upon the face of this record herein pointed out, the judgment of the circuit and Appellate Courts will be reversed.

*Judgment reversed.*