### Jacob Littlestone v. Eli Goldenberg, for the use of Anna Goldenberg.

1. ATTACHMENT—*Notice of—What Return Should Show.*—A return on a notice to the defendant in an attachment suit as follows, "Executed the within notice by posting three copies thereof at three public places in the neighborhood of the justice within named, and by mailing a copy thereof to the within named defendant at his place of residence," etc., is manifestly defective in not stating the places where the notices were posted nor the place to which the copy was mailed, but the return shows service as required by statute and only fails to show the details of the service, and a judgment rendered in pursuance of it is not void and can not be questioned collaterally.

2. JUDGMENT—*When Garnishee in an Attachment May Attack.*—A garnishee in an attachment suit may attack a void judgment against the defendant in such suit.

Attachment.—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 30, 1896.

B. H. ETTELSON, attorney for appellant.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION
OF THE COURT.

Anna Goldenberg began a suit in attachment, before a
justice of the peace, against the appellee, Eli Goldenberg,
who, as stated in her affidavit for attachment, was a resi-
dent of Troy, in the State of Alabama, and was indebted to
her in the sum of $103, and the appellant was summoned as
a garnishee.

The defendant, Eli Goldenberg, was never served with
summons, nor did he ever enter his appearance in the suit.

Notice, however, of the attachment, was prepared by the
justice, as required by Sec. 79, Chap. 79, entitled "Justices,"
and delivered to a constable, who made an attempt to post
and mail copies of the same, in compliance with the statute.
The section referred to requires that the constable, to whom
the notice is delivered, shall return the same with an in-
dorsement thereon, stating "the time when and the places
where he posted and mailed copies." In this case, the con-
stable made a return as follows:

"Executed the within notice by posting three copies
thereof at three public places in the neighborhood of the
justice within named, and by mailing a copy thereof to the
within named defendant at his place of residence, this 23d
day of February, 1895."

Such return was manifestly defective in not stating the
places where the notices were posted, nor the place to which
he mailed the copy.

The judgment, therefore, against the defendant, was ren-
dered without jurisdiction of him, and the judgment against
the garnishee was improperly given.

The statute, Sec. 91, Chap. 79, provides: "No final
judgment shall be entered against a garnishee in any at-
tachment proceeding until the plaintiff shall have recovered
a judgment against the defendant in such attachment."

The garnishee against whom, notwithstanding, judgment
was given in the justice's court, appealed to the County

Court, where, with nothing to supply jurisdiction, a like judgment against him was rendered, and this appeal has followed.

That a garnishee in a proceeding by attachment, may attack a void judgment against the defendant in the attachment suit, see Empire Car Roofing Co. v. Macey, 115 Ill. 390; Dennison v. Blumenthal, 37 Ill. App. 385; Dennison v. Taylor, 142 Ill. 45.

The court was without jurisdiction, and the judgment is reversed, without remanding, because in this suit jurisdiction can never be acquired by the justice.

Additional opinion of the Court by Mr. Presiding Justice Shepard.

At the time the foregoing opinion was written and judgment given accordingly, our attention had not been called to the fact that the Supreme Court, in Pomeroy v. Rand, McNally & Co., 157 Ill. 176, had, among other things, decided and held, in terms, that although a return which was made by a constable in nearly the precise language used by the constable in this case, was " defective in failing to state the places where he posted and mailed copies," such defect was not fatal to the jurisdiction of the justice. It was also there said: " In other words, the defect in his return is not in failing to show service as required by the statute, but in failing to show how he performed that duty. He shows that he posted the notice in three public places, but fails to name them; that he mailed a copy addressed to the defendant, but fails to say what postoffice or mail-box he dropped the notice in. We do not think these omissions of sufficient importance to render the judgment of the justice of the peace and Circuit Court absolutely void."

Our attention has been directed—not by either party to the litigation—to such decision, and the inconsistency and irreconcilability of our own opinion and judgment with that. And, as becomes us, we accord to such decision its binding force upon us, as being the latest decision of the Supreme Court upon the subject, although it does not ap-

pear to us to be in harmony with a long line of earlier decisions holding that, in order to give the court jurisdiction over the person of a defendant, the return of process must show with strictness the method in which it was served. Wilson v. Greathouse, 1 Scam. 174; Clemson v. Hamm, 1 Scam. 176; Ogle v. Coffey, 1 Scam. 239; Belingall v. Gear, 3 Scam. 575; Ball v. Shattuck, 16 Ill. 299; Cost v. Rose, 17 Ill. 276; Boyland v. Boyland, 18 Ill. 551; Bancroft v. Speer, 24 Ill. 227; Miller v. Mills, 29 Ill. 431; Fischer v. Fischer, 54 Ill. 231; Botsford v. O'Connor, 57 Ill. 72; Greenwood v. Murphy, 131 Ill. 604; Law v. Grommes, 158 Ill. 492.

If it be said that all of the cases cited are instances where the question of jurisdiction was directly involved, it may be answered that if "jurisdiction does not exist, the judgment is void, and its validity may be inquired into collaterally," as was said in Haywood v. Collins, 60 Ill. 328, where numerous authorities are cited and quoted from. See, also, Firebaugh v. Hall, 63 Ill. 81; Bannon v. The People, 1 Ill. App. 496; Faas v. O'Connor, 6 Ill. App. 593; Bunn v. Gardiner, 18 Ill. App. 94.

The question is one of much importance, as probably affecting many cases that may hereafter be begun or may now be pending in justice's courts and on appeal therefrom, and although the appellee has not followed the case into this court, we should, in accordance with the latest decision of the Supreme Court already referred to, recede from our conclusion as expressed in the original opinion, and we accordingly do so. It does not, however, necessarily follow that the judgment of reversal entered by us should be vacated.

It appears from the evidence that the defendant, Eli Goldenberg, was arrested by his wife, Anna Goldenberg, in January, 1892, upon a charge of abandonment, and that one Levitz, his brother-in-law, came to the appellant and requested him to become surety upon Goldenberg's bond, in order that he might be released from jail; that appellant replied he did not know Goldenberg, and he must have security if he signed such a bond; that thereupon, Levitz gave

of his own, to appellant, seventy-five dollars in cash, and a bank check for one hundred and twenty-five dollars, with the understanding, between them, that when appellant should become released from liability upon the bond, he would return Levitz the money and amount of the check so delivered; and then appellant signed the bond.

It was proved that, upon presentation, payment of the check was refused, and it was not shown that appellant's liability on the bond had ceased.

The great weight and preponderance of the evidence was that the money and check belonged to Levitz, and not to the defendant Goldenberg, and the verdict, based upon the belief of the jury to the contrary, ought not to have been rendered.

The judgment heretofore rendered by us will therefore be amended by adding a remanding clause thereto, and it is so ordered.

MR. JUSTICE GARY:

I do not think we ought to back out of the opinion heretofore rendered.

It is not inconsistent with the highest respect for the Supreme Court, nor with due subordination in the ranks of the judiciary, that we should, in exceptional cases, follow what we are constrained to believe is incontestable law, even if thereby we do run counter to some decision which we can not regard as settling the question at issue. We have heretofore done so with the subsequent approbation of that court. Johnson v. People, 40 Ill. App. 382; 140 Ill. 350.

As in that case the particular question was of secondary importance in the case we did not follow, so in 157 Ill. the first question was one on which this court, in conflict with the decisions of appellate courts of other districts, had been for many years in the wrong.

That question had been much agitated, and concerned a great number of people.

The particular question now under consideration concerned only that particular case; there was no reason to expect that it would arise in any other.